IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:16cr6 |
| | ) | |
| QUINTIN PIMBLE, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Quintin Pimble's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. 139]. For the following reasons, the Court will deny Pimble's Motion.

**I. Background**

This case stems from Pimble's participation in a rash of armed robberies in late 2015. On March 3, 2016, a federal grand jury indicted Pimble on one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, eight counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951, and eight counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c).

Pursuant to a plea agreement with the government, Pimble pled guilty to two counts of using, carrying, and brandishing a firearm during and in relation to a crime of

violence – Counts 19 and 24 of the Superseding Indictment – on March 17, 2016. On June 9, 2016, the Court sentenced Pimble in accordance with the mandatory minimum prescribed under 18 U.S.C. § 924(c) to 84 months incarceration on Count 19 and 300 months incarceration on Count 24, to be served consecutively. *See* Judgment [Dkt. 97]. Pimble filed the instant Motion on June 14, 2017, although he claims to have placed it in the mail nearly two weeks earlier.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proof, which must be established by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A petitioner who asserts ineffective assistance of counsel must meet a two-pronged test to succeed. He or she must show that: (1) the performance of counsel fell below an objective standard of reasonableness, based upon prevailing

2

professional norms; and (2) as a result, there was prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To satisfy the performance prong, the petitioner must demonstrate that the errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.* at 687.  To satisfy the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  When a petitioner alleges ineffective assistance related to the entry of a guilty plea, the district court applies a slightly modified prejudice standard, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

### III. Analysis

The grounds for the Motion under review are somewhat unclear given the Motion's brevity.  The Court construes the Motion as resting on a claim of ineffective assistance of counsel.  To the extent that it does not, Pimble's claims are foreclosed by his unconditional guilty plea.  "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea."  *United*

3

*States v. Bundy*, 392 F.3d 641, 644 (4th Cir.2004); *see also United States v. Martinez-Martinez*, 69 F.3d 1215, 1224 (1st Cir. 1995) ("a valid guilty plea waives all challenges to the factual and legal foundations of the charges"). Pimble chose not to contest the charges brought against him and waived his right to appeal his conviction. The law is clear that Pimble may not now directly challenge the charges to which he pled guilty. *See, e.g., United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010). This rule applies fully to the arguments Pimble raises here. *See, e.g., United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017); *Davila v. United States*, 843 F.3d 729, 731–32 (7th Cir. 2016).

Pimble's guilty plea, however, does not foreclose a collateral attack on the "voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not 'within the range of competence demanded of attorneys in criminal cases.'" *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The Court therefore proceeds to assess whether Pimble's counsel provided ineffective assistance in failing to advise Pimble of certain arguments he believes should have been made in his case.[1]

---

[1] The government contends that Pimble's claim is procedurally defaulted because he did not move to withdraw his

4

In determining whether the failure of Pimble's attorney to advise him of these arguments amounted to ineffective assistance of counsel, the Court must assess whether the advice rendered by Pimble's attorney fell shy of "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. The issue is not necessarily whether Pimble's attorney was "right or wrong" in declining to raise the arguments Pimble cites, but whether the attorney's failure to apprise Pimble of those arguments constituted conduct falling outside "the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 770–71. This is a high bar: "[j]udicial scrutiny of counsel's performance must be highly deferential," and there exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Pimble's claims fail to meet this stringent standard.

---

plea or challenge the voluntariness and intelligence of his plea on direct review. The Supreme Court, however, has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255" even if not raised on direct appeal, "whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's" defective performance and the resulting prejudice, so "[t]o allow for adequate development of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255." *United States v. Patterson*, 442 F. App'x 817, 819 (4th Cir. 2011). Here, there would have been no way to assess on direct appeal what advice was rendered to Pimble when he pled guilty.

By way of background, 18 U.S.C. § 924(c)(1)(A) – the statute under which Pimble pled guilty – makes it a criminal offense to use or carry a firearm "during and in relation to any crime of violence." A predicate offense may qualify as a "crime of violence" under § 924(c)(1)(A) pursuant to either (1) the elements clause of § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (2) the residual clause of § 924(c)(3)(B) because "by its nature, [the crime] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Pimble argues first that his convictions under § 924(c) cannot be sustained because they rest on the predicate offense of *conspiracy* to commit Hobbs Act robbery. He contends that his attorney should have advised him that conspiracy cannot serve as a basis for conviction under § 924(c) in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This argument rests on a faulty premise. The predicate offenses for Pimble's convictions under § 924(c) were two *substantive* counts of Hobbs Act robbery, not mere conspiracy to commit Hobbs Act robbery. Pimble pled guilty to Counts 19 and 24 of the Superseding Indictment, which referred in turn to Counts 3 and 8 of the Superseding indictment – both of which

6

charged Pimble with personally committing a Hobbs Act robbery. *See* Superseding Indictment [Dkt. 40]. Pimble was thus convicted under § 924(c) based on his personal participation in two armed robberies, not merely conspiring to commit those offenses.

Pimble similarly – if inconsistently – argues that the predicate offense of his conviction under § 924(c) was *aiding and abetting* Hobbs Act robbery, and that his lawyer should have advised him that aiding and abetting cannot serve as a basis for a conviction under § 924(c) after *Johnson*. Here again, it appears that the premise of Pimble's argument is factually incorrect. The statement of facts accompanying Pimble's guilty plea establishes that Pimble's convictions rest on two incidents in which he personally entered commercial establishments and, with an accomplice, robbed those establishments by means of actual and threatened force. While it was Pimble's accomplice who wielded the handgun in one of the two robberies in question, and it is unclear whether Pimble personally wielded a weapon in the course of the other, Pimble's direct participation in the Hobbs Act robberies make him a principal of those offenses.

Regardless, aiding and abetting is not a separate offense but rather a theory of liability, and one who aids and abets a crime is "treated as a principal." *United States v. Cammorto*, 859 F.3d 311, 315 (4th Cir. 2017). For that reason, one who aids and abets Hobbs Act robbery is liable under

7

§ 924(c) on the same basis as the principal. *See, e.g.*, *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). And as this Court has recently explained in rejecting similar arguments made by one of Pimble's codefendants, this Court and others have overwhelmingly held that Hobbs Act robbery remains a valid predicate offense under § 924(c), notwithstanding the Supreme Court's decision in *Johnson*. *See United States v. Turner*, No. 1:16CR6, 2017 WL 3394729, at *3 (E.D. Va. Aug. 8, 2017); *see also United States v. Crawford*, No. 3:15-CR-070 JD, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) (listing cases to illustrate that "since *Johnson* was decided in June 2015, over a dozen district courts" have unanimously held that *Johnson* does not call into question the viability of Hobbs Act robbery as a predicate offense under § 924(c)). Pimble's counsel did not provide ineffective assistance by failing to apprise Pimble of these arguments, which this Court and others have uniformly rejected. *See Turner*, 2017 WL 3394729, at *4.

Pimble next cites *Dean v. United States*, 137 S. Ct. 1170 (2017) – which established that Courts may consider the significant length of the mandatory minimum sentence imposed under § 924(c) and formulate a correspondingly lighter sentence for the predicate offense – to argue that his attorney should have requested that he be sentenced to a single day for his predicate offense. Again, Pimble's argument rests on an

8

incorrect factual premise. Due to his plea bargain, Pimble did not plead guilty to, nor was he sentenced for, his predicate offense. *See* Judgment [Dkt. 97]. Rather, Pimble was sentenced only to the mandatory minimum prescribed by § 924(c), and could not have been sentenced to less time in prison based on the offenses to which he pled guilty. Pimble self-evidently did not receive ineffective assistance of counsel by virtue of his lawyer declining to ask that Pimble spend an additional day in prison for his predicate offense.

Finally, Pimble argues that his lawyer should have argued that Pimble did not have advance knowledge that his accomplice would use a firearm during the robberies to which Pimble pled guilty, and so, under the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), Pimble cannot be guilty of aiding and abetting a Hobbs Act robbery. Again setting aside the issue of whether Pimble merely aided and abetted a Hobbs Act robbery – he did not – Pimble's argument contradicts facts Pimble affirmed as true in his plea agreement. Specifically, the armed robberies to which Pimble pled guilty were not the only armed robberies in which he participated, nor were they the first. Pimble and his accomplices committed at least one prior robbery at which Pimble's accomplice brandished a firearm. *See* Statement of Facts [Dkt. 58]. Indeed, by the time of the second armed robbery to which Pimble pled guilty,

9

Pimble had already participated in at least *three* prior armed robberies with the same accomplices. Given these facts, Pimble cannot credibly claim that he lacked advance notice that his accomplices would brandish a firearm during the robberies in question. Moreover, as part of his plea agreement, Pimble admitted to having conspired and agreed with his accomplices to commit armed robberies of commercial establishments. Having admitted to this conspiracy, Pimble is at the very least liable for the decision of his accomplice to brandish a firearm under the *Pinkerton* doctrine of vicarious liability. *See, e.g.*, *United States v. Blackman*, 746 F.3d 137, 141-42 (4th Cir. 2014). In sum, Pimble's attorney did not render ineffective assistance by failing to raise legally baseless arguments that would, in any event, have contradicted facts Pimble affirmed as true.

## IV. Conclusion

For the foregoing reasons, the Court will deny Pimble's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. 139]. An appropriate Order will issue.

|  | /s/ |
|---|---|
| August 31, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |